## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| JACIE MORGAN, | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.:** |
| | § | |
| **v.** | § | |
| | § | **1:26-cv-141** |
| | § | |
| PERFORMANCE PERSONNEL | § | |
| SERVICES, LLC, | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

This is an action for unlawful employment retaliation under Title VII of the Civil Rights Act of 1964.

## I.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3).

2.    Venue is proper because the unlawful employment practices alleged herein were committed within this judicial district and division. The events giving rise to this suit occurred in this Division.

## II.    PARTIES

3.    Plaintiff Jacie Morgan ("Morgan" or "Plaintiff") is an adult citizen of the United States and, at all relevant times, a resident of the State of Alabama. Morgan was employed by Defendant Performance Personnel Services, LLC.

4.    Defendant Performance Personnel Services, LLC ("Performance" or "Defendant") is a corporation business in the State of Alabama. Performance was and is an "employer" within the meaning of Title VII.

### III.    ADMINISTRATIVE EXHAUSTION

5.    All conditions precedent to the institution of this lawsuit have been satisfied. Morgan filed an EEOC Charge of Discrimination, and the EEOC subsequently issued her a Notice of Right to Sue. This Complaint is filed within 90 days of Morgan's receipt of the Notice of Right to Sue.

### IV.    FACTUAL ALLEGATIONS

6.    Morgan applied for employment with Performance in or around September 2022 and was thereafter placed on assignments through Performance.

7.    Morgan worked regularly through Performance, primarily on assignment with Seaonus at the Port of Mobile.

8.    Morgan performed her job duties well.

9.    Performance's staffing model involves placing employees on an as-needed basis.

10.    Performance retained control over Morgan's job assignments and opportunities.

11.    During her assignment at Seaonus, Morgan was subjected to sexual harassment by a male employee, including unwanted advances.

12.   Morgan reported said harassment to Performance and to supervisory personnel at the Seaonus worksite.

13.   At this point, Performance was on notice of unlawful harassment working at the client worksite.

14.   Performance failed to take adequate corrective action to protect Morgan.

15.   Morgan's assignment at Seaonus was terminated.

16.   Performance claimed that work availability was fluid and that the assignments were limited; however, Performance continued to control whether Morgan would be offered future work.

17.   After Morgan's complaints, Performance failed and refused to offer Morgan comparable reassignment opportunities.

18.   Morgan proactively sought additional work from Performance following her removal from the Seaonus assignment.

19.   Performance's agents acknowledged that no work was being offered to Plaintiff at that time.

20.   While Performance claims Morgan remained active in their system, Morgan was not offered any meaningful employment opportunities after her complaints.

21. Performance's failure to reassign Morgan after her complaint constitutes a materially adverse action.

22. The timing, along with other circumstances of Performance's actions, demonstrate a causal connection between Morgan's protected activity and adverse treatment.

## V.   CAUSE OF ACTION

### Retaliation (Title VII of the Civil Rights Act of 1964)

23. Morgan re-alleges and incorporates by reference paragraphs 1-22 above as if fully set forth herein.

24. Morgan engaged in protected activity by complaining of sex-based harassment.

25. Performance knew of this activity at all times relevant to this action.

26. Performance subjected Morgan to materially adverse actions, including termination of her employment and refusal to provide comparable and meaningful further assignments.

27. There is a causal connection between Morgan's protected activity and Performance's actions and/or inactions.

28. These actions would dissuade a reasonable person from engaging in protected activity.

29.    Defendant's stated reasons for its actions are pretextual and easily disproven.

30.    As a direct and proximate result of Performance's retaliatory actions, Morgan has suffered injuries and losses. These include loss of earnings and benefits, damage to her career and professional reputation, emotional pain and suffering, inconvenience, mental anguish, and other losses.

31.    Morgan continues to suffer.

32.    Performance acted with reckless disregard of Morgan's federally protected rights.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jacie Morgan respectfully prays that the Court grant the following relief:

a.   Order Performance to reinstate Ms. Morgan to her former position (or an equivalent position) with full seniority, benefits, and pay, *or* alternatively, award front pay in lieu of reinstatement if reinstatement is not feasible.

b.   Award Ms. Morgan all back pay, including lost wages, salary, benefits, and bonuses, from the date of her termination up to the date of reinstatement (or judgment), plus pre-judgment interest.

c.   Award compensatory damages for the non-economic harm caused by the discrimination, including damages for emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life.

d.   Award punitive damages to punish and deter Performance for its willful, malicious, or recklessly indifferent conduct, to the maximum extent allowed by law.

e.  Award Plaintiff her reasonable attorney's fees, expert witness fees, litigation expenses, and court costs incurred in bringing this action;

f.  Grant such other and further legal or equitable relief as the Court deems just and proper, including but not limited to appropriate injunctive relief.

Respectfully submitted,

*/s/ Eric C. Sheffer*
Eric. C. Sheffer
*Attorney for Plaintiff*

Eric C. Sheffer
ASB 3568J14X
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 3520
(205) 314-0582 (phone/fax/text)
Email: esheffer@wigginschilds.com